UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| AUDREY D. TOMERLIN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.  5:25-cv-00024-LCB |
| THE STATE OF NEW MEXICO and ANNE H. BOWLING, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Audrey Tomerlin, proceeding *pro se*, filed a Complaint against her mother, Anne Bowling, and the State of New Mexico, to recover profits from a 1,004-acre parcel of land Tomerlin owns in Santa Fe County, New Mexico.   Tomerlin requests damages in excess of $50 billion.   (Doc. 1).

Tomerlin also filed a motion for leave to proceed *in forma pauperis*.   (Doc. 2).   The court **GRANTS** Tomerlin's motion to proceed *in forma pauperis*. However, for the reasons set out herein, the court **DISMISSES** this action **WITH PREJUDICE** for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * * * *
>
> (B) the action or appeal--

> (i) is frivolous or malicious; [or]
> (ii) fails to state a claim on which relief may be granted; .
>
> . . .

In conducting its review of Tomerlin's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, the court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Tomerlin asserts both federal question and diversity jurisdiction. (Doc. 1, at 2). As to a federal question claim, Tomerlin states: "violation of the deed (permitted land, private ownership) – tax free; interest accruing; personal injury – state refusing to release accumulated funds from County Assessor's office. Deed <u>never expires</u>. Plaintiff has a sole heir to the fortune." (*Id*. at 3 (emphasis in original)).

As a factual basis for her claims, Tomerlin states she has been the sole owner of 1,004 acres of land in Sante Fe County, New Mexico, since 1980. Her step-

2

father, Howard S. Tyner, Sr., granted her the land on her fifteenth birthday. The land produced food, copper, gold and water, and the state "provided a yearly allowance." Tomerlin's step-father and step-sister, Ann Tyner, managed the land, which was highly profitable. Cargill Industries bought many of the metals from the land. The deed to the land required the County Assessor's Office, presumably in Sante Fe County, New Mexico, to maintain all profits from the land for Tomerlin, as the landowner. The land was never sold, as such a transaction would require Tomerlin's fingerprinting, signature of the title, and a Congressional hearing. Tomerlin's mother, Defendant Anne Bowling, illegally attempted to sell the land through forgery in 1984, and she was incarcerated. "Other fraudulent activity included mail fraud." The deed required Tomerlin to wait for her 38th birthday to receive a distribution from the land, and she has never received such a distribution. The Complaint does not state Tomerlin's current age. (Doc. 1, at 5). Tomerlin filed a complaint with the New Mexico Department of Justice on May 30, 2024, but the department could not assist her, as her request did not fall within the scope of the department's work under New Mexico law. (Doc. 1-1, at 1).

Tomerlin's Complaint does not present any viable basis for relief. Tomerlin has not identified a federal statute either Defendant violated. She did not identify any current wrongdoing by Defendant Anne Bowling, only Bowling's attempt to

3

illegally sell the land in 1984.

In addition, the Eleventh Amendment prohibits Tomerlin from bringing suit against a state in federal court. *See* U.S. Const. amend. XI ("The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Interpreting the Eleventh Amendment, the Supreme Court in *Hans v. Louisiana* held sovereign immunity bars private damage actions against states in federal court absent that state's consent. 134 U.S. 1 (1890). Because no evidence suggests the state of New Mexico consented to the present suit, Tomerlin cannot name New Mexico as a defendant.

Moreover, to the extent Tomerlin asserts any state law claims, she cannot satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332, which bestows subject matter jurisdiction on federal district courts when the matter in controversy exceeds $75,000, and the parties are citizens of different States. 28 U.S.C. § 1332(a)(1). Tomerlin resides in Hartselle, Alabama, as does her mother, Anne Bowling, a named defendant. In fact, Tomerlin and Bowling reside at the same address. (Doc. 1, at 1-2). Accordingly, complete diversity of jurisdiction is not present, and the diversity statute does not permit the exercise of federal jurisdiction over any state law claims.

Because Tomerlin has asserted no viable basis for relief, and no basis for the assertion of federal subject matter jurisdiction, the court will **DISMISS** this action **WITH PREJUDICE**.  *See* 28 U.S.C. § 1915(e)(2)(B).  The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this January 21, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE